UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAMES WATSON,

    Plaintiff,

v.

YANCI, LLC, d/b/a Yancy Naturals

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, James Watson, ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, Yanci LLC., ("Defendant"), a Florida Limited Liability Company, doing business as, Yancy Naturals for Injunctive Relief, attorney's fees, litigation expenses and costs, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12181-12189 ("ADA").

1. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff is a resident of Miami-Dade County, Florida, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, the ADA Amendments Act of 2008, ("AADG") 42 U.S.C. §12101, and the 28 C.F.R. §36.105(b)(2).

Case 1:23-cv-21408-KMW Document 1 Entered on FLSD Docket 04/13/2023 Page 2 of 13

Watson v. Yanci. LLC.
Complaint for Injunctive Relief

4. Plaintiff is legally blind, and substantially limited in performing one or more major life activities, including, but not limited to, seeing, accurately visualizing his world, and adequately traversing obstacles. As such, is a member of a protected class under the ADA, 42 U.S.C. §12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§36.101, *et seq.*, and 42 U.S.C. §3602(h).

5. Because Plaintiff's visual disability limits him in the performance of major life activities, including sight, he requires the assistance of appropriate and available auxiliary aids, and screen reader software technology for effective communication, including communication in connection with his mobile devises such as phones or tablet computers.

6. Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like the sighted. The internet, websites and mobile applications provide him with a window into the world that he would not otherwise have. He brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Due to his disability, Plaintiff cannot use mobile devises such as phones or tablet computers without the assistance of appropriate and available auxiliary aids, screen reader software, and other technology and assistance. Screen reader software translates the visual internet into an auditory equivalent. At a rapid pace, the software reads the content of a webpage to the user.

7. The Screen reader software translates the visual internet into an auditory equivalent. At a rapid pace, the software reads the content of a webpage to the user. "The screen

Case 1:23-cv-21408-KMW   Document 1   Entered on FLSD Docket 04/13/2023   Page 3 of 13

Watson v. Yanci. LLC.
**Complaint for Injunctive Relief**

reading software uses auditory cues to allow a visually impaired user to effectively use websites. For example, when using the visual internet, a seeing user learns that a link may be 'clicked,' which will bring him to another webpage, through visual cues, such as a change in the color of the text (often text is turned from black to blue). When the sighted user's cursor hovers over the link, it changes from an arrow symbol to a hand. The screen reading software uses auditory -- rather than visual -- cues to relay this same information. When a sight impaired individual reaches a link that may be 'clicked on,' the software reads the link to the user, and after reading the text of the link says the word 'clickable.'…Through a series of auditory cues read aloud by the screen reader, the visually impaired user can navigate a website by listening and responding with his keyboard." *Andrews v. Blick Art Materials, LLC*, 17-CV-767, 2017 WL 6542466, at *6-7 (E.D.N.Y. Dec. 21, 2017).

8. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, and ensuring, that places of public accommodation and/or their respective and associated websites are in compliance with the ADA and any other applicable disability laws, regulations, and ordinances.

9. Defendant, Yanci LLC, is a Florida Limited Liability Company, authorized and doing business in the State of Florida, which owns and/or operates a retail store branded "Yancy Naturals", selling luxury scenting for home and business, exclusive scents, candles, essential oils, oil diffusers, to fill your everyday space with light, health & wellbeing. Defendant's store is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, located within this District, at 11401 NW 12th St, Miami, FL 33172, referred hereto as "place of public accommodation," "Yancy Naturals" or "Store."

Case 1:23-cv-21408-KMW   Document 1   Entered on FLSD Docket 04/13/2023   Page 4 of 13

Watson v. Yanci. LLC.
Complaint for Injunctive Relief

10. As the owner, operator, and/or controller of a shoe stores, Defendant is defined as a place of "public accommodation" within meaning of the ADA because Defendant is a private entity which owns and/or operates "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," per 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2).

11. Because Defendant is a store open to the public, each of Defendant's physical stores is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(E), §12182, and 28 C.F.R. §36.104(2). Defendant also offers those items to the public through its website.

12. Defendant also controls, maintains, and/or operates an adjunct website, https://yancynaturalsstore.com/ (the "Website"). One of the functions of the Website is to provide the public information on the locations of Defendant's stores through a "store locator" feature. Defendant also sells to the public its merchandise through the Website, which acts as a point of sale for merchandise available in, from, and through Defendant's physical stores.

11. The website is an extension of Defendant's place of public accommodation. By and through this website, Defendant extends its public accommodation into individual persons' homes, portable devices and personal computers wherever located. The website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's place of accommodation. For example, the website provides a list of products, locations, new arrivals, as well as all the ability to shop at their online store and contact them. Defendant's website provides access to benefits of Defendant's physical stores and Plaintiff was denied those benefits when he could not access Defendant's mobile website. As such, the website has integrated with and is a nexus to Defendant's brick and mortar location.  Therefore, it is governed by the following provisions:

Case 1:23-cv-21408-KMW   Document 1   Entered on FLSD Docket 04/13/2023   Page 5 of 13

Watson v. Yanci. LLC.
**Complaint for Injunctive Relief**

      a.      42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

      b.      42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

      c.      42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

      d.      42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

      e.      42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in

Case 1:23-cv-21408-KMW   Document 1   Entered on FLSD Docket 04/13/2023   Page 6 of 13

Watson v. Yanci. LLC.
**Complaint for Injunctive Relief**

the most integrated setting appropriate to the needs of the individual."

      f.    42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

      g.    42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

      h.    42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]'

12.    As the owner or operator of the subject website, Defendant is required to comply with the ADA and the provisions cited above. This includes an obligation to create and maintain a website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the website and the content therein, including the ability to shop through the website, and contact the desired location.

13.    Since the Website is open to the public through the internet, by this nexus the

Case 1:23-cv-21408-KMW   Document 1   Entered on FLSD Docket 04/13/2023   Page 7 of 13

**Watson v. Yanci. LLC.**
**Complaint for Injunctive Relief**

Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar stores that must comply with all requirements of the ADA, must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as are afforded the non-visually disabled public both online and in the physical stores. As such, Defendant has subjected itself and the Website to the requirements of the ADA.

14. Like many consumers, Plaintiff accesses a number of websites at a time to help plan his store visits and to compare merchandise, prices, sales, discounts, and promotions. Plaintiff may look at several dozens of sites to compare features, discounts, promotions, and prices.

15. Plaintiff attempted to access and/or utilize Defendant's mobile website to test for accessibility, to browse through the merchandise and online offers to educate himself as to the merchandise, services, sales, discounts, and promotions being offered, learn about the brick and-mortar stores, check store hours, and check merchandise pricing, but was unable to, and he continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

 i. Guideline 1.3.1 – Info and Relationships is violated. Original product prices are displayed with a strikethrough, but both the sale and original product prices are announced the same. The result is that users hear two prices. This occurs on the product pages and the collection pages.

 ii. Guideline 1.3.2 – Meaningful Sequence is violated. When a user swipes to the order summary section, the focus moves to the quantity and remains on this element for the next five swipes while hidden text such as "price" and "description" are announced.

 iii. Guideline 2.4.3 – Focus Order. Focus moves to the promotional popup when it's displayed,

Case 1:23-cv-21408-KMW   Document 1   Entered on FLSD Docket 04/13/2023   Page 8 of 13

Watson v. Yanci. LLC.
Complaint for Injunctive Relief

but the 'subscribe here to get 10% off your first purchase' text and the disclaimer are not announced. After the email field is announced then focus disappears and several hidden elements are announced such as 'Get an audio challenge button.' Focus then moves to the underlying page so the promotional content isn't announced.

iv. Guideline 2.4.4 – Link Purpose (In Context). The Cart graphic link is not labeled properly. It's announced as a "one link end banner."

v. Guideline 3.3.2 – Labels or Instructions. Multiple unlabeled buttons and graphics are announced on each product page. For example, an image of five stars is displayed at the top and the bottom of the Review section, but each image is announced as "unpronounceable." Each individual star icon within the rating form is announced as "? button." The camera icon is announced as "? from the start."

16. Plaintiff continues to attempt to utilize the website and/or plans to continue to attempt to utilize the website in the near future. In the alternative, Plaintiff intends to monitor the website in the near future, as a tester, to ascertain whether it has been updated to interact properly with screen reader software.

17. The fact that Plaintiff could not communicate with or within the Website left him feeling excluded, frustrated, and humiliated, and gave him a sense of isolation and segregation, as he is unable to participate in the same shopping experience, with the same access to the merchandise, sales, services, discounts, and promotions, as provided at the Website and in the physical stores as the non-visually disabled public.

18. As more specifically set forth above, Defendant has violated the above-cited provisions of the ADA by failing to interface its website with software utilized by visually impaired individuals. Thus, Defendant has violated the following provisions either directly or through contractual, licensing or other arrangements with respect to Plaintiff and other similarly situated individuals on the basis of their disability:

a. by depriving him of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation

Case 1:23-cv-21408-KMW   Document 1   Entered on FLSD Docket 04/13/2023   Page 9 of 13

Watson v. Yanci. LLC.
**Complaint for Injunctive Relief**

(42U.S.C. § 12182(a));

  b. in the denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

  c. in affording him the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

  d. by providing him a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others (42 U.S.C. § 12182(b)(1)(A)(iii));

  e. by failing to afford him goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the individual (42 U.S.C. § 12182(b)(1)(B));

  f. notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying him the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

  g. by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(2)(ii)); and,

  h. by a failure to take such steps as may be necessary to ensure that they are not

Case 1:23-cv-21408-KMW   Document 1   Entered on FLSD Docket 04/13/2023   Page 10 of 13

Watson v. Yanci. LLC.
Complaint for Injunctive Relief

excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden (42 U.S.C. § 12182(b)(2)(iii)).

19. Plaintiff desires and intends, in the near future once the Website's access barriers are removed or remedied, to patronize one or more of Defendant's physical stores and to use the Website, but he is presently unable to do so as he is unable to effectively communicate with Defendant due to his blindness and the Website's access barriers. Alternatively, as a tester using screen reader software, Plaintiff is unable to effectively access, navigate, and communicate with Defendant through the Website due to his blindness and the Website's access barriers. Thus, Plaintiff as well as others who are blind and with visual disabilities will suffer continuous and ongoing harm from Defendant's intentional acts, omissions, policies, and practices as set forth herein unless properly enjoined by this Court.

20. Because of the nexus between Defendant's retail stores and the Website, and the fact that the Website clearly provides support for and is connected to Defendant's retail stores for its operation and use, the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar stores that must comply with all requirements of the ADA, must not discriminate against individuals with disabilities and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as afforded the non-visually disabled public both online and in the physical stores, which are places of public accommodation subject to the requirements of the ADA.

21. Plaintiff is continuously aware of the violations at Defendant's website and is aware that it would be a futile gesture to attempt to utilize the website as long as those violations exist

Case 1:23-cv-21408-KMW   Document 1   Entered on FLSD Docket 04/13/2023   Page 11 of 13

Watson v. Yanci. LLC.
Complaint for Injunctive Relief

unless he is willing to suffer additional discrimination.

22.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate its website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's website and knowing that it would be a futile gesture to attempt to utilize the website unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

23.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

24.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website as described above. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to access the website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that this website is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the website without fear of discrimination.

25.     The Plaintiff and all others similarly situated will continue to suffer such

Case 1:23-cv-21408-KMW   Document 1   Entered on FLSD Docket 04/13/2023   Page 12 of 13

Watson v. Yanci. LLC.
**Complaint for Injunctive Relief**

discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

26. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter its website to make it readily accessible to and usable by Plaintiff and other persons with vision impairment.

28. As a result of the foregoing, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have him a reasonable attorneys' fees, costs and litigation expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

**WHEREFORE,** Plaintiff respectfully requests:

i. The Court issue a Declaratory Judgment that determines that the Defendant's website at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

ii. The Court issue a Declaratory Judgment that determines that the Defendant's website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

iii. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain its website to ensure that it is readily accessible to and usable by persons with vision impairment;

iv. That this Court issue an Order directing Defendant to alter its website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

Case 1:23-cv-21408-KMW   Document 1   Entered on FLSD Docket 04/13/2023   Page 13 of 13

Watson v. Yanci. LLC.
**Complaint for Injunctive Relief**

v. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

vi. That this Court enter an Order directing Defendant to continually update and maintain its website to ensure that it remains fully accessible to and usable by visually impaired individuals;

vii. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

viii. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted on April 13, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC.
8950 SW 74th Court, Suite 2201,
Miami, FL 33156
T: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com